Pedram Esfandiary, Esq. (SBN: 312569)
pesfandiary@baumhedlundlaw.com
Monique A. Alarcon, Esq. (SBN: 311650)
malarcon@baumhedlundlaw.com
Timothy A. Loranger, Esq. (SBN: 225422)
tloranger@baumhedlundlaw.com
Ronald M. Goldman, Esq. (SBN: 33422)
rgoldman@baumhedlundlaw.com
**BAUM HEDLUND ARISTEI & GOLDMAN, P.C.**
10940 Wilshire Blvd., 17th Floor
Los Angeles, CA 90024
Telephone: (310) 207-3233

*Attorneys for Plaintiff*

Geoffrey Plowden
geoffrey.plowden@lacity.org
Deputy City Attorney
200 North Main Street
6th Floor, City Hall East
Los Angeles, California 90012
*Attorneys for City of Los Angeles Defendants*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CJ MONTANO,<br><br>    Plaintiff<br><br>    v.<br><br>CITY OF LOS ANGELES; COUNTY OF LOS ANGELES; CHIEF MICHEL MOORE; SHERIFF ALEXANDER VILLANUEVA; MICHAEL RIMKUNAS; and DOES 1-10 inclusive,<br><br>    Defendants | Case No. 2:20-cv-07241-CBM-AS<br><br>Hon. Consuelo B. Marshall<br><br>Hon. Alka Sagar<br><br>**STIPULATED PROTECTIVE ORDER** |

1

## PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## GOOD CAUSE STATEMENT

This action is likely to involve the exchange of protected health information ("PHI"), Police Officer Personnel information and Open Investigations Consisting of Official Information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential materials and information consist of, among other things, medical records containing PHI, Police Officer Personnel information and Open Investigations Consisting of Official Information. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for

tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

I. **Definitions**

   A. **Action:** this pending lawsuit

   B. **Challenging Party:** a Party or Non-Party that challenges the designation of information or items under this Order.

   C. **"CONFIDENTIAL" Information or Items**: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

   D. **Counsel**: Outside Counsel of Record and House Counsel (as well as their support staff).

   E. **Designating Party**: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

   F. **Disclosure or Discovery Material**: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

   G. **Expert**: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

   H. **House Counsel**: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

   I. **Non-Party**: any natural person, partnership, corporation, association, or other

legal entity not named as a Party to this action.

**J. Outside Counsel of Record**: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

**K. Party**: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

**L. Producing Party**: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

**M. Professional Vendors**: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**N. Protected Material**: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

**O. Receiving Party**: a Party that receives Disclosure or Discovery Material from a Producing Party.

## I. Scope

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

## II. Duration

Once a case proceeds to trial, all of the information that was designated as confidential or maintained pursuant to this protective order becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this protective order do not extend beyond the commencement of the trial.

## III. Designating Protected Materials

A. Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

B. <u>Manner and Timing of Designations.</u> Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that

qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

    Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on

   the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

 C. <u>Inadvertent Failures to Designate.</u> If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**IV.**  **Challenging Confidentiality Designations**

 A.  <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

 B.  <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with Paragraph IV of this Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue) within 10 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. During the meet and confer process, the Designating Party must state the bases for its objections to each challenge on a document by document basis. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or

establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

C. Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall file a "Notice of Improper Confidential Designation" with the Court ("Notice"). The Notice shall list the challenged documents by Bates label (or other identifying label if no Bates label). The Designating Patty shall file a "Motion to Maintain Confidentiality" within fourteen (14) calendar days of the Notice, explaining why the documents should or should not be de-designated. Failure by the Designating Party to make such a Motion within 14 days of the Notice shall automatically waive the confidentiality designation for each challenged designation. The Challenging Party will then have fourteen (14) calendar days to file a Response. There shall be no Reply absent leave of Court. Either party may lodge but not file the challenged documents with the Court during this stage of the challenge process. The burden of persuasion as to whether information is confidential shall be on the Designating Party.

**V.     Privilege**

A. <u>Asserting Privilege or Protection</u>.  A Party who withholds or redacts documents or information contained within a document on the grounds of attorney-client privilege and/or work product protection, or any other asserted privilege, shall provide:

(1) A listing of such documents in electronic spreadsheet format providing the following objective metadata fields ("objective metadata" does not include substantive content from, or a subjective description of, the document being withheld or redacted) where available:

   (a) the Bates number of the document (or unique document identifier);
   (b) the nature of the privilege asserted ("attorney-client privilege" or "attorney work product");

(c) the name(s) of the author(s) of the document (if known or knowable) (for email chains, because metadata only captures the author(s) of the most recent email in the chain, all emails in the same chain will be listed together in the log and the emails within the chain to which privilege is asserted will state "attorney-client privilege" or "attorney work product");

(d) the name(s) of the recipient(s) of the document, including anyone who was sent the document as a "CC" or a "BCC" (if known or knowable) (for email chains, because metadata only captures the recipients of the most recent email in the chain, all emails in the same chain will be listed together in the log and the emails within the chain to which privilege is asserted will state "attorney-client privilege" or "attorney work product");

(e) the document type, including, for example, whether the document is an email, paper file, a spreadsheet, or other descriptive identifier of the document type; and

(f) the date the document was created (if known or knowable), sent (if applicable), and last modified (if applicable).

(2) The names of the individuals who are identified prior to providing the privilege log as being attorneys will be highlighted on the log; if it is discovered that names of other attorneys on the log were not highlighted, the Receiving Party will be notified with an offer to provide a replacement log. In addition to the preceding paragraph, the Producing party will also include the following information in its privilege log entries (provided the party remains willing to meet and confer further on specific documents after production of this privilege log):

| Document Type | From and to Whom | Content |
| --- | --- | --- |
| Email | From attorney to client | Conveying legal advice |
| Email Attach. | from client to attorney | requesting legal advice |
| Memorandum | between attorneys | discussing legal advice |
| Letter | between clients | discussing litigation |
| Other Document | between client and attorney | prepared in anticipation of/for litigation |

(3)   As an alternative to the categories in the preceding paragraph, or where they do not apply, the Producing Party may provide alternate individualized descriptions for such documents.

B.   <u>Challenging Asserted Privilege and Protection</u>. After receipt of such a privilege log, any Party may dispute a claim of privilege or protection. However, prior to any submission to the Court for an in camera review, the Party disputing a claim of privilege or protection shall provide in writing the identification of the documents for which it questions the claim of privilege or protection and the reasons (including legal support) for its assertion that the documents are not privileged or protected. Within fourteen calendar (14) days, the Party seeking to support the claim of privilege or protection shall provide a written response supporting the claim of privilege or protection (including legal support). The Parties will then meet and confer in good faith as to the claims of privilege or protection. If agreement cannot be met after fourteen (14) calendar days, any party may thereafter submit the material under seal to the Court for a determination as to privilege or protection. If a party believes the circumstances require different timing or procedure, they shall meet and confer on alternatives to resolving any disputes and if unable to agree may present the issue to the Court.

C. <u>Time for Providing Privilege Log</u>. The Producing Party shall provide the information required by paragraph "A" to the receiving party within 30 days of withholding or redacting the related documents.

## VI. Access to and Use of Protected Materials

A. <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section XII below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

B. <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

## VII. Protected Material Subpoenaed or Ordered Produced in Other Litigation

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## VIII. A Non-Party's Protected Material Sought To Be Produced in This Litigation

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

    (1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

    (2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**IX.     Unauthorized Disclosure of Protected Material**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**X.     Inadvertent Production of Privileged or Otherwise Protected Material**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). In the event of disagreement, until such time as the disagreement is resolved, the Receiving Party will return the document and will not review or use the document or its contents. If the substance of the protected document is discussed in a deposition prior to the time of discovery or notification of the inadvertent disclosure, the Parties agree that such testimony may not be used for any

purpose until the dispute is resolved by agreement of the Parties or by Court order. The Party to whom any produced document was returned shall retain the returned materials until the end of the case, including any appeals. Within fifteen (15) calendar days after notice of the disclosure, the producing Party shall provide a log that describes the basis for the claim that the material is privileged or otherwise protected from disclosure. After receipt of such a privilege log, any Party may dispute a claim of privilege or protection, by providing in writing the identification of the documents for which it questions the claim of privilege or protection and the reasons (including legal support) for its assertion that the documents are not privileged or protected. Within fifteen (15) calendar days, the Party seeking to support the claim of privilege or protection shall provide a written response supporting the claim of privilege or protection (including legal support). The Parties will then meet and confer in good faith as to the claims of privilege or protection.

### XI. Miscellaneous

A. <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

B. <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

C. <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

## XII. Final Disposition

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section II (DURATION)

//
//
//
//
//
//
//
//

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**.

Dated:  October 30, 2020

By:  /s/ Pedram Esfandiary
Pedram Esfandiary, Esq.
pesfandiary@baumhedlundlaw.com
Monique A. Alarcon, Esq.
malarcon@baumhedlundlaw.com
Timothy A. Loranger, Esq.
tloranger@baumhedlundlaw.com
Ronald M. Goldman, Esq.
rgoldman@baumhedlundlaw.com
BAUM HEDLUND ARISTEI GOLDMAN, P.C.
10940 Wilshire Boulevard, 17th Floor
Los Angeles, CA 90024
Telephone: (310) 207-3233

Attorneys for Plaintiff CJ Montano

By:  /s/ Geoffrey Plowden
Geoffrey Plowden
geoffrey.plowden@lacity.org
Deputy City Attorney
200 North Main Street
6th Floor, City Hall East
Los Angeles, California 90012
Attorneys for City of Los Angeles Defendants

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED**.

DATED:  November 2, 2020

/s/  Alka Sagar
_____
Honorable Alka Sagar
United States Magistrate Judge

# **CERTIFICATE OF SERVICE**

The foregoing document was filed on October 30, 2020, using the court's CM/ECF electronic system which will electronically serve a copy to all counsel of record.

<u>/s/ Pedram Esfandiary</u>
Pedram Esfandiary